UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES LANTOS, | ) |
|     Plaintiff | ) ) ) |
| v. | ) )   No. 2:25-cv-00108-JAW |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) ) |

**RECOMMENDED DECISION ON
MOTION TO DISMISS AND MOTION TO AMEND**

In his pro se complaint, James Lantos brings claims under the Federal Tort Claims Act (FTCA) against the Commissioner of the Social Security Administration based on allegations that the Commissioner wrongfully terminated his disability benefits; he seeks $171 million in damages. *See* First Amended Complaint (ECF No. 9).

The Commissioner moves to dismiss Lantos's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing, among other things, that his claims are precluded by Social Security Act, which provides the exclusive means of challenging a denial of benefits. *See* Motion to Dismiss (ECF No. 13) at 9-10. Lantos opposes the Commissioner's motion to dismiss, *see* ECF No. 19, and seeks permission to amend his complaint to substitute the United States as the Defendant rather than the Commissioner, *see* Motion to Amend (ECF No. 16).

Regardless of whether the Commissioner or the United States is the

1

Defendant, the Commissioner is correct that the Lantos's FTCA claims are barred by 28 U.S.C. § 405(h), which provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [the FTCA] to recover on any claim arising under" the subchapter of the Social Security Act relating to the payment of, among other things, disability insurance benefits. *See Crosby v. Social Sec. Admin.*, No. 22-cv-234-SE, 2022 WL 3544370, at *3 (D.N.H. Aug. 18, 2022) (dismissing a plaintiff's FTCA claims based on the alleged wrongful termination of his disability benefits after concluding such claims were barred by section 405(h)); *McKenna v. Comm'r of Social Sec.*, No. 97-6466, 1998 WL 466557, at *2 (6th Cir. 1998) ("[T]he Social Security Act precludes any claim under the [FTCA] for the wrongful withholding of benefits."); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424-29 (1988) (holding that money damages are not available against Social Security "officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits").

Accordingly, I recommend that the Court **DENY** Lantos's motion to amend his complaint, **GRANT** the Commissioner's motion, and **DISMISS** Lantos's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: October 21, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
