UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES LANTOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:25-cv-00108-JAW |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING RECOMMENDED DECISION ON MOTION TO DISMISS AND MOTION TO AMEND

Plaintiff James Lantos brings claims under the Federal Tort Claims Act (FTCA) against Frank Bisignano, the Commissioner of the Social Security Administration (the Commissioner), alleging that the Commissioner wrongfully terminated his disability benefits and seeking $171 million in damages. *Pet'r's 1ST Am. Compl. for Relief under the Federal Tort Claims Act* (ECF No. 9) (*First Am. Compl.*). On June 2, 2025 the Commissioner filed a motion to dismiss Mr. Lantos's complaint. *Def.'s Mot. to Dismiss* (ECF No. 13).

On June 18, 2025, Mr. Lantos filed a motion for leave to file a second amended complaint. *Pl's Opposed Mot. for Leave to File Second Am. Compl.* (ECF No. 16) (*Mot. for Leave.*). The Commissioner opposed the motion. *Def.'s Opp'n to Mot. for Leave* (ECF No. 17) (*Def.'s Opp'n*). On July 8, 2025, Mr. Lantos replied. *Pl.'s Opp'n to Def.'s Opp'n to his Mot. for Leave* (ECF No. 18) (*Pl.'s Reply*).

On July 23, 2025, Mr. Lantos responded to the Commissioner's motion to dismiss. *Pl's Opp'n to Def.'s Mot. to Dismiss* (ECF No. 19) (*Pl.'s Opp'n*). On August

5, 2025, the Commissioner replied. *Def.'s Reply in Support of its Mot. to Dismiss* (ECF No. 22) (*Def.'s Reply*). On August 12, 2025, Mr. Lantos filed a sur-reply. *Pl.'s Sur-Reply to Def.'s Reply in Support of Mot. to Dismiss* (ECF No. 25) (*Pl's Sur-Reply*).

On October 21, 2025, the United States Magistrate Judge issued her recommended decision, recommending that the Court grant the Commissioner's motion to dismiss, deny Mr. Lantos's motion for leave to file a second amended complaint, and dismiss Mr. Lantos's amended complaint. *Recommended Decision on Mot. to Dismiss and Mot. to Am.* (ECF No. 28) (*Recommended Decision*). Mr. Lantos objected on November 3, 2025. *Pl.'s Opp'n to Def.'s Recommended Decision* (ECF No. 29) (*Pl.'s Obj.*). On November 13, 2025, the Commissioner responded. *Resp. to Obj. to Recommended Decision on Mot. to Dismiss and Mot. to Amend* (ECF No. 31) (*Def.'s Resp. to Pl.'s Obj.*). On November 14, 2025, Mr. Lantos filed a sur-reply. *Pl.'s Sur-Reply to Gov't's Resp. to Objs. to Recommended Decision* (ECF No. 34) (*Pl.'s Sur-Reply to Recommended Decision*). The Commissioner responded to the sur-reply on November 18, 2025. *Gov't's Resp. to Pl.'s Sur-Reply* (ECF No. 35). On December 6, 2025, the Court granted Mr. Lantos previously filed request to file a sur-rebuttal. *Order* (ECF No. 38). Mr. Lantos's sur-rebuttal was filed with the Court along with his motion for leave to file the sur-rebuttal. *See Pl.'s Mot. for Leave to File Sur-Rebuttal* at 9-13 (ECF No. 36).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Recommended Decision. The Court concurs with the

recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision.

In her Recommended Decision, the Magistrate Judge observed that 28 U.S.C. § 405(h) provides that "'[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [the FTCA] to recover on any claim arising under' the subchapter of the Social Security Act relating to the payment of, among other things, disability insurance benefits." *Recommended Decision* at 1-2. The Magistrate Judge cited significant caselaw that supported her conclusion that Mr. Lantos may not maintain his FTCA claim in this case. *Id.* at 2. Although in his objection, subsequent attachments, sur-reply, Mr. Lantos stresses his view that § 405(h) does not bar his FTCA lawsuit, the Court reviewed the caselaw on this issue and concludes that the vast weight of legal authority stands against Mr. Lantos.

Nor is the Court convinced that Mr. Lantos is correct when he asserts that his FTCA lawsuit does not arise under the Social Security Act. As the Respondent has pointed out, the "arising under" language encompasses situations, where, as here, a litigant's claims are "inextricably intertwined" with a benefits determination. On August 19, 2025, the First Circuit, addressing the "arising under" language of § 405(h), wrote that the issue is whether the claims are "independent" or "separate" from the benefits determinations or whether they are "inextricably intertwined" with them. *Hosp. Amerimed Cancun S.A. de C V v. Martin's Point Health Care, Inc.* 149 F.4th 82, 92 (1st Cir. 2025). As Mr. Lantos's complaint claims that the Respondent

3

"wrongfully terminated Plaintiff's Social Security Disability benefits," *First Am. Comp.* at 2, his FTCA claims are necessarily "inextricably intertwined" with the Respondent's benefit determinations.

For the reasons contained in the Recommended Decision and this Order, the Court affirms the Recommended Decision on Motion to Dismiss and Motion to Amend (ECF No. 28). It is therefore ORDERED that the Magistrate Judge's Recommended Decision on Motion to Dismiss and Motion to Amend (ECF No. 28) is hereby AFFIRMED and ADOPTED. It is further ORDERED that Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (ECF No. 16) is DENIED; Defendant's Motion to Dismiss (ECF No. 13) is GRANTED; and Mr. Lantos's amended complaint, Petitioner's 1ST Amended Complaint for Relief Under the Federal Tort Claims Act (ECF No 9), is DISMISSED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2026